# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VEDA K. STANDRIDGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-06-472-KEW |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff Veda K. Standridge (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do

his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on January 23, 1955 and was 51 years old at the time of the ALJ's decision. She completed her high school education. Claimant has previously worked as a sewing machine operator, nurse's aide, department store clerk/stocker, and newspaper carrier. Claimant alleges an inability to work beginning September 1, 2003, due to hearing loss, bladder incontinence, pain and numbness in her back and lower extremities, obesity, hypertension, and sleep apnea.

### Procedural History

On July 26, 2004, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and

3

for supplemental security income benefits under Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application for benefits was denied initially and upon reconsideration. On April 11, 2006, Claimant appeared at a hearing before ALJ Richard Kallsnick. By decision dated June 15, 2006, the ALJ found Claimant was not disabled at any time through the date of the decision. On September 1, 2006, the Appeals Council denied Claimant's request for review. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while certain of Claimant's medical conditions were severe, they did not meet a Listing and Claimant retained a residual functional capacity ("RFC") to allow her to perform light work.

### Errors Alleged for Review

Claimant asserts the ALJ committed error requiring reversal in (1) failing to discuss probative medical evidence in Claimant's record which conflicted with his findings and failed to consider all of Claimant's impairments; (2) failing to engage in a proper step five analysis supported by substantial evidence; and (3) failing to engage in a proper credibility evaluation.

## ALJ's Consideration of the Record

Claimant contends the ALJ failed to consider certain evidence which was probative on the issue of Claimant's disability status. Specifically, Claimant alleges the ALJ erroneously concluded that she had not received any treatment for back and foot pain. In his decision, the ALJ discussed that Claimant alleged impairments arising from "back and foot pain, hypertension, and uncontrolled bladder." He rejected any impairments to the function of Claimant's back and feet, concluding "she has had no apparent treatment for her back and foot pain." (Tr. 15). The ALJ instead relied upon the assessment of Ravinder R. Kurella, M.D., a non-treating agency physician. Dr. Kurella determined Claimant was morbidly obese, with significant hearing loss, full range of motion of her back associated with some pain, normal gait and heel to toe walking which was "somewhat weak secondary to obesity." (Tr. 109).

As Claimant points out, the ALJ's statement is not supported by the record. Claimant sought treatment for back and foot pain on at least eight different occasions from John F. Rice, D.O. from March of 2001 through February of 2006. (Tr. 102, 124-125, 127, 130-131). Dr. Rice found Claimant suffered from lumbar disc disease which he characterized as "significant" and causing Claimant sciatica problems. He prescribed Darvocet for the condition at night. (Tr. 127). Generally, an ALJ is not required to discuss every piece of evidence in his decision. Hamlin v.

5

Barnhart, 365 F.3d 1208, 1217 (10th Cir. 2004). However, he must discuss the evidence supporting his decision, the uncontroverted evidence he chooses not to rely upon, and any significantly probative evidence he rejects. Id. By failing to reference Claimant's treating physician's opinions and relying upon an agency physician, the ALJ has, on the face of his decision, failed to discuss or consider probative evidence, requiring reversal and remand for consideration of this evidence.

Claimant also contends the ALJ ignored evidence regarding her bladder problems, stating in his decision that "[n]o reference is made to any treatment of bladder problems." (Tr. 15). However, in the next sentence of his decision, the ALJ states "[b]y her list of medications, Ms. Standridge has been taking a prescription drug daily since May 2004 for that problem." Id. These would appear to be facially incongruent statements. Additionally, Dr. Rice prescribed Claimant Ditropan in December of 2003 for the condition and it was noted the medication did not prevent Claimant from wetting herself such that she had to wear diapers 24 hours per day and change them every one to two hours. (Tr. 146, 176). The ALJ did not adequately consider the evidence in the record on this condition.

Claimant states the ALJ failed to adequately consider her obesity in determining her severe impairments. Indeed, while the ALJ recognized Claimant weighed 264 pounds and stands slightly over

6

five feet tall in height, he did not discuss the effect her obesity had upon other condition from which she suffers. He did note Dr. Kurella's finding that any problems Claimant encountered in walking is attributable to her obesity rather than back problems. (Tr. 15). He did not discuss Dr. Kurella's finding of morbid obesity.

An ALJ is required to consider "any additional and cumulative effects" obesity may have upon other conditions from which a claimant suffers, recognizing that obesity combined with other impairments may increase the severity of the condition. Soc. Sec. R. 02-1p; 20 C.F.R. Pt. 405, Subpt. P, App. 1 § 1.00(Q)(combined effect with musculoskeletal impairments).

At step three, "a listing is met if there is an impairment that, in combination with obesity, meets the requirements of a listing." Soc. Sec. R. 02-1p. "[O]besity may increase the severity of coexisting or related impairments to the extent that the combination of impairments meets the requirements of a listing. This is especially true of musculoskeletal, respiratory, and cardiovascular impairments." Id. "Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment." Each case is evaluated on information in the case record. Id.

In this case, the ALJ's only consideration of Claimant's obesity was to discount any disability arising from back problems. This finding begs the question as to whether Claimant's obesity in

7

combination with her musculoskeletal difficulties might rise to the level of an impairment. Certainly, as the record now stands, the ALJ failed to give adequate consideration to Claimant's diagnosed obesity, finding no severe impairment arising from that condition.

**Step Five Analysis**

Claimant also challenges the ALJ's step five conclusions. The ALJ found Claimant could perform light, unskilled work as a sorter, flatware presser, maid and miscellaneous hand packager as well as sedentary, unskilled work as an assembler and inspector. (Tr. 17). Claimant's primary objections to these findings are: (1) the job of hand packager is classified as "medium" work not "light," according to the Dictionary of Occupational Titles; and (2) the ALJ failed to include all of Claimant's restrictions in his questions posed to the vocational expert who testified Claimant could perform "light" work. In regard to this latter objection, the ALJ's decision reflects that Claimant is restricted in that "[h]er work assignments would have to take her environment into consideration." (Tr. 15). No such environmental restrictions appear in the questions posed to the vocational expert. "Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991) quoting Ekeland v. Bowen, 899 F.2d 719, 724 (8th Cir. 1990). The ALJ's hypothetical questions posed in

8

this case do not mirror Claimant's restrictions with sufficient precision so that the testimony obtained may be relied upon as substantial evidence for the ALJ's step five finding.

### Credibility Analysis

Claimant contends the ALJ improperly rejected her testimony as being not credible in light of the medical evidence. It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Given this Court's findings with regard to the ALJ's failure to consider probative evidence, his credibility analysis which is, in part, based upon his incomplete interpretation of the medical evidence must necessarily fail as well. Upon further examination, the ALJ may still find Claimant's testimony to be not worthy of belief. However, until he has properly considered all of the medical evidence and its bearing upon a finding of disability, his evaluation of Claimant's credibility must be found to be lacking.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the

Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

DATED this 10th day of January, 2008.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE